IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

CASE NO.:

CHERYL HOTT and
THERESA PORVAZNIK,

      Plaintiffs,

v.

PALMS OF PARADISE EAST AND WEST
CONDOMINIUM ASSOCIATION, INC.,
ASSOCIA GULF COAST, INC., ROBIN DIAZ,
LENWARD THIBODEAUX,
CYNTHIA BERGMAN, KENNETH TEKANCIC,
DAVID FAIMALI and RICHARD BONHAM,

      Defendants.
_____/

## COMPLAINT

Plaintiffs, sue Defendants, PALMS OF PARADISE EAST AND WEST CONDOMINUM ASSOCIATION, INC., ASSOCIA GULF COAST, INC., ROBIN DIAZ, CYNTHIA BERGMAN, KENNETH TEKANCIC, DAVID FAIMALI and RICHARD BONHAM, and state as follows:

### JURISDICTIONAL ALLEGATIONS

1.    This Court has original jurisdiction over the action pursuant to 42 U.S.C. § 3604 and 42 U.S.C. § 3617 because this lawsuit is brought under the Fair

1

Housing Act 42 U.S.C. 3601 et seq., and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1391 (b) because the claim arose in this judicial district.

3. Plaintiffs CHERYL HOTT and THERESA PORVAZNIK currently own a dwelling unit at 4300 58th Street, North, Unit 1805, Kenneth City, Florida.

4. THERESA PORVAZNIK resides in the dwelling unit referenced above.

5. THERESA PORVAZNIK was at all times material, and continues to be a person with a disability, as defined by 42 U.S.C. § 3062, as she is deaf and has a neurological disorder widely referenced as autism. As a result, she is substantially limited in the major life activities of thinking, speaking, hearing and caring for herself.

6. CHERYL HOTT is an aggrieved person who is associated with her co-owner THERESA PORVAZNIK, who is a person with a disability and also an aggrieved person.

7. Defendant, PALMS OF PARADISE EAST AND WEST CONDOMINUM ASSOCIATION, INC., (PALMS OF PARADISE) is a Florida non-profit corporation licensed to and doing business in Pinellas County, Florida.

8. Defendant ASSOCIA GULF COAST, INC., is a Florida for profit corporation licensed to and doing business in Pinellas County, Florida.

9. Defendant ROBIN DIAZ (DIAZ) is a person under 42 U.S.C. § 3202 and § 760.22, Fla. Stat., and is President of the Board of Directors of the PALMS OF PARADISE, was in a position to, and did, discriminate against Plaintiffs, and otherwise is resident of Florida and is *sui juris*.

10. Defendant CYNTHIA BERGMAN (BERGMAN) is a person under 42 U.S.C. § 3202 and § 760.22, Fla. Stat., and is Secretary of the Board of Directors of the PALMS OF PARADISE, was in a position to, and did, discriminate against Plaintiffs, and otherwise is resident of Florida and is *sui juris*.

11. Defendant KENNETH TEKANCIC (TEKANCIC) is a person under 42 U.S.C. § 3202 and § 760.22, Fla. Stat., and is treasurer of the Board of Directors of the PALMS OF PARADISE, was in a position to, and did, discriminate against Plaintiffs, and otherwise is resident of Florida and is *sui juris*.

12. Defendant RICHARD BONHAM (BONHAM) is a person under 42 U.S.C. § 3202 and § 760.22, Fla. Stat., and is Director of the Board of Directors of the PALMS OF PARADISE, was in a position to, and did, discriminate against Plaintiffs, and otherwise is resident of Florida and is *sui juris*.

13. Defendant PALMS OF PARADISE is a condominium association which operates the CLEARVIEW OAKS CONDOMINIUM through its Board of

Directors.[1]  President DIAZ, Vice President THIBODEAUX, Secretary Bergman, Treasurer TEKANCIC, Director Faimali and Director BONHAM (Collectively "Directors") are the Board of Directors.

14.  These member of the Board of Directors were personally involved in each and every discriminatory act mentioned *infra* during their tenure as Members of the Board of Directors.  As such, each reference to PALMS OF PARADISE includes each and every member of the Defendant member of the Board of Directors.

15.  Community manager, ASSOCIA GULF COAST, INC. implemented and enforced the denial of reasonable accommodations in rules, policies, practices or services when those accommodations were necessary to allow THERESA PORVAZNIK an equal opportunity to use and enjoy her dwelling.

16.  CLEARVIEW OAKS CONDOMINIUM ASSOCIATION n/k/a PALMS OF PARADISE hired ASSOCIA GULF COAST, INC. to manage the Clearview Oaks community.  On information and belief, the duties of ASSOCIA GULF COAST, INC. were to advise the Board of Directors, to handle complaints, to maintain the infrastructure, manage employees and the agents of the condominium, coordinate subcontractors, and assist in conducting meetings.

---

[1] CLEARVIEW OAKS CONDOMINUM ASSOCIATION changed its name to PALMS OF PARADISE through an administrative process with the State of Florida in September 2021.

17. Unless otherwise specified, all acts and failures to act hereunder of DEFENDANTS were specifically ratified and authorized by all members of the Board of Directors and carried out by their agents ASSOCIA GULF COAST, INC. and its employees.

## FACTUAL ALLEGATIONS

18. Plaintiffs own the dwelling unit at 4300 58th Street North #1805, Kenneth City, Florida, 33709.

19. Both Plaintiffs are over 55 years of age.

20. Plaintiff PORVAZNIK was born with Autism and is handicapped under 42 U.S.C. § 3602(h). She also had COPD. She is non-verbal and requires the assistance of a home health care aid so that she has the equal opportunity to use and enjoy the dwelling place that she owns.

21. As a person with profound or low functioning autism and COPD, PORVAZNIK requires constant assistance with her daily activities. PORVAZNIK specifically needs assistance with medication administration which is lifesaving treatment she needs to manage her asthma and COPD. Left untreated or unattended, she coughs so severely that she will pass out. If she were alone during a coughing attack, she would not reach out for rescue breathing treatment or medication which would put her life at risk. PORVAZNIK also needs home health assistants who can keep her safe from exploitation and abuse.

22. Lisa Artutis is a deaf person who serves as PORVAZNIK's home health care aid. Her workplace is at the dwelling unit. She works three 3 weeks "on" at the dwelling unit and one week "off" when she returns to her own home. Artutis is relieved by other home health care aids during the 3 week "on" periods when she has to attend to other personal needs.

23. Artutis began working with PORVAZNIK 13 years ago. At that time, PORVAZNIK had no language or means to express her needs and desires. Artutis taught her sign language which PORVAZNIK now uses to communicate. Artutis owns her own home and wants no ties to the subject dwelling unit. Having Artutis with PORVAZNIK is reasonable accommodation necessary for PORVAZNIK to be able to use and enjoy her own dwelling unit and not be placed in a group home, nursing home or assisted living facility.

24. At no time has PORVAZNIK or any of her home health care assistants been a direct threat to anyone in the community.

25. On January 8, 2021, Plaintiff HOTT presented a letter to the Board of Directors requesting "an allowance to the association rules as related to residents". The Board did not respond. Instead, the board continued to withhold approval of the application to purchase the dwelling unit and Plaintiffs did not close on the dwelling unit until June 25, 2021.

26. No one can purchase a dwelling unit at Clearview without approval from the Board. When Plaintiff HOTT submitted the application to purchase the unit and with an explanation regarding PORVAZNIK to Defendant Associa, HOTT received a call from a person who she believed was a board member. HOTT explained the situation regarding PORVAZNIK. HOTT thought the call was positive but she was shocked to learn that that the Board denied the application because the Board believed that the dwelling unit would become a group home, according to Chris McKay with ASSOCIA.

27. Plaintiff HOTT contacted a real estate attorney to represent her through the reconsideration and purchase. HOTT viewed this opportunity for PORVAZNIK to own a forever home as a rarity and did not want to let the opportunity slip away because of irrational and unlawful discrimination.

28. Plaintiff HOTT has requested at least three times that the Board provide a reasonable accommodation to its rules, policies and practices to allow come to be a Artutis to serve as PORVAZNIK's home health care aid without constant threats, observation and threats to tow her car and actually towing her car. To date, the Board has not approved Artutis as a reasonable accommodation for PORVAZNIK. As alleged *supra*, without her home healthcare assistance, PORVAZNIK will likely be required to leave her home and be confined to a group home, nursery home or assisted living facility as she cannot live at home alone.

29. Instead, PALMS OF PARADISE, f/k/a CLEARVIEW CONDOMINIUM ASSOCIATION filed an action in state court to requesting injunctive relief and accusing the Plaintiffs of running a group home (the same irrational discrimination that was the basis of the first denial as reported by Chris McKay) or assisted living facility. A copy of the Complaint is attached as Exhibit A.

30. As a result of Defendants' actions described above, Plaintiffs suffer and continue to suffer irreparable loss, harm and injury including but not limited to, humiliation, embarrassment, fear, emotional distress, deprivation of their right to equal housing opportunities.

31. As an experienced housing provider, ASSOCIA has training and knowledge of the requirements of the Fair Housing Act, and the requirements to make housing available to persons with disabilities and not to discriminate against persons with disabilities.

32. Defendants acted in reckless disregard of the federally protected rights of Plaintiffs and are liable for punitive damages.

33. Plaintiffs have retained J. Courtney Cunningham, PLLC to represent them in this cause and have agreed to pay the firm a reasonable fee for its services.

34. Plaintiffs have complied with all necessary conditions precedent to the bringing of this action, or such conditions precedent have been waived.

## COUNT I—DENYING OR MAKING A DWELLING UNAVAILABLE

35. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-34 above as though fully set forth herein.

36. Defendants were and are aware of PORVAZNIK's disability.

37. Defendants are attempting to prevent PORVAZNIK's home health care assistants from providing her with the assistance she requires in order to enjoy the dwelling unit that she owns. Defendants are doing so through the state court lawsuit and by failing to provide a reasonable accommodation that would allow PORVAZNIK to stay in her home.

38. The Fair Housing Act does not allow for the exclusion of individuals based on fear, speculation or stereotypes about a particular disability or persons with disabilities in general.

39. Defendants have discriminated against Plaintiff and the home health care assistants (persons associated with the PORVAZNIK because of PORVAZNIK's disability.)

## COUNT II—FAILURE TO REASONABLE ACCOMMODATE IN VIOLATION OF 42 U.S.C. 3604(f)(3)

40. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-34 above as though fully set forth herein.

41. At all times material, Defendants had actual knowledge that PORVAZNIK was disabled with deafness and Autism.

9

42. At all times material, Defendants knew that PORVAZNIK would need in home health care assistance in order to continue to have an equal opportunity to use and enjoy the dwelling in a manner that a person without disabilities could use and enjoy their dwelling.

43. Pursuant to 42 U.S.C. § 3604(f)(3)(b), it is unlawful to refuse to make reasonable accommodations in the rules, policies, practices or services, when such accommodations may be necessary for a person with disabilities to use and enjoy a dwelling.

44. A individual seeking reasonable accommodations need not use "magic" words or explicitly mention the words "fair housing act" or "reasonable accommodation".

45. Plaintiff HOTT asked for a reasonable accommodation for PORVAZNIK to be able to have home health care assistants, in writing, at least twice and other times she made verbal requests.

46. Despite this, the board of directors never provided the reasonable accommodation and filed a lawsuit instead of providing the accommodation. Maliciously, the lawsuit requesting eviction of the home health care aid constitutes a denial of the reasonable accommodation request which will result in PORVAZNIK being compelled to leave the dwelling unit.

47. Such actions by Defendants were in total and reckless disregard of Plaintiffs rights and indifferent to PORVAZNIK's disabilities and related needs.

48. Further, as a direct and proximate result of Defendants' discrimination, Plaintiffs have suffered irreparable loss and injury including, but not limited to actual damages, humiliation, emotional distress and a deprivation of the right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiffs demand judgement against Defendants to declare that the Defendants' actions and inactions violated the Fair Housing Act, by discriminating against persons with disabilities and those associated with them and award Plaintiffs compensatory and punitive damages and their attorneys; fees and costs as well as injunctive relief as follows:

a. That the Court declare that Defendants' actions and inaction violated the Fair Housing Act by discriminating against persons with disabilities;

b. That the Court enjoin Defendants from discriminating against Plaintiffs or any other person because of their disability or the need for reasonable accommodations;

c. That the Court order Defendants to provide notice to all owners and tenants of Clearview Oaks of their rights under the Fair Housing Act, including their right to have accommodations because of a disability;

d. That the Court order that Defendants instruct all employees, agents, independent contractors and/or other persons who deal with management of any and all housing controlled by Defendants of the terms of the Court's Order and the Fair Housing Act and implementing regulations;

e. That the Court order that the Defendants to maintain for inspection by Plaintiff and all other tenants and owners residing in Clearview Oaks copies of the Fair Housing Act and implementing regulations.

f. That the Court order Defendants to pay a reasonable attorneys fee;

g. And grant any other relief that this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all issues so triable.

Respectfully submitted,

/*s/J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. Courtney Cunningham, PLLC
8950 SW 74th Court, Suite 2201
Miami, FL 33156
FBN:  628166
305-351-2014
cc@cunninghampllc.com

December 16, 2021